UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KATHLEEN M. AMARAL** on behalf of
herself and all others similarly situated.

                **Plaintiffs,**

v.                                                                                        Case No:  6:19-cv-189-Orl-22DCI

**U.S. SECURITY ASSOCIATES, INC.,**

                **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. 20)** |
| **FILED:** | **July 1, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  Background**

Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA) for unpaid overtime compensation.  Doc. 1.  The parties have settled the case after Plaintiff filed her answers to the Court's FLSA interrogatories.[1]  Docs. 11, 12, 18.  The parties subsequently filed a Joint Motion for Approval of Settlement, to which the settlement agreement is attached.  Docs. 20 (the Motion); 20-1 (the Agreement).  The parties assert that they have arrived at a compromised

---

[1] No individuals filed a notice of consent to join this case.

settlement amount that both sides conclude is fair under the circumstances and request that the Court grant the Motion and dismiss the case with prejudice. Doc. at 5, 9.

**II.     Law**

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

> (1) The existence of collusion behind the settlement;
> (2) The complexity, expense, and likely duration of the litigation;
> (3) The state of the proceedings and the amount of discovery completed;
> (4) The probability of plaintiff's success on the merits;
> (5) The range of possible recovery; and
> (6) The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

   **A.  The Settlement.**

Plaintiff claims that Defendant failed to pay her overtime compensation in violation of the FLSA. Doc. 1. It was Plaintiff's initial position that she worked an average of 18 to 36 hours of overtime per week from January 29, 2016 through June 21, 2018. Doc. 20 at 3, 4. To the contrary, Defendant provides that the hours are "grossly inflated," Plaintiff seldom worked after 5:00pm, and her alleged weekend work was infrequent. *Id*. The parties state that upon further review of

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

the records, Plaintiff adjusted the hours claimed to an average of 15 hours per week, "although Defendant does not concede that occurred or occurred to that extent." *Id*. Defendant asserts that Plaintiff is not entitled to any overtime compensation or associated liquidated damages because she was classified as an exempt administrative employee. *Id*. This case, therefore, involves a bona fide disputed issue of liability under the FLSA.

The parties also state that during settlement negotiations, counsel reviewed various records and reached a compromise. *Id*. at 5. The parties provide that further litigation would be costly and not beneficial given the attorneys' "respective investigations" and "assessment of disputed and undisputed facts." *Id*. at 6. Accordingly, to avoid the cost and uncertainly of litigation, the parties state that they have reached a reasonable settlement. *Id*.

For these reasons, Plaintiff has agreed to receive a total of $10,725 in unpaid wages and an equal amount in liquidated damages. *Id*. at 8; Doc. 20-1. The undersigned finds that this is a fair and reasonable compromise based on the reasons Plaintiff articulated for compromising her claims under the FLSA. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $15,550 in attorney fees and costs for representing Plaintiff in this case. Doc. 20 at 8; Doc. 20-1. The parties state that the attorney fees and costs were negotiated separately from and without regard to the amount paid to Plaintiff. Doc. 20 at 2, 5. The parties' representation adequately establishes the reasonableness of the fees under the agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### C. The Other Terms of the Agreement

#### 1. General Release

The Agreement includes a broad general release of Plaintiff's claims against Defendant. Doc. 30-1 at 2. The inclusion of a general release in an FLSA settlement often results in a finding that the settlement is not a fair and reasonable resolution of a plaintiff's FLSA claims. *See, e.g.*, *Bright v. Mental Health Resource Center, Inc.*, 2012 WL 868804, at *4 (MD. Fla. Mar. 14, 2012) ("Employers cannot use the settlement of FLSA claims to extract a general release of claims before paying over the wages."); *Shearer v. Estep Const., Inc.*, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015) (finding mutual general release prohibited the court from assessing its impact on the fairness and reasonableness of the settlement agreement).

However, courts will approve an FLSA settlement that contains a general release where the plaintiff is paid separate consideration for the provision. *See Roman v. FSC Clearwater, LLC*, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *see also Middleton v. Sonic Brands L.L.C.*, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (citing authority).

Here, in addition to the amount paid for the claims along with liquidated damages, the parties provide that Plaintiff will be paid separate consideration for the release in the amount of $300. Doc. 20; Doc. 24 at 2.[4] The parties also point out that the general release is mutual. *Id*. In

---

[4] By Order dated July 30, 2019, the Court directed the parties to file a supplemental brief because it was not clear whether the $500 separate payment is for the general release or if the amount included the general release, non-disparagement, and re-hire provisions. Doc. 23. The Joint Supplemental Brief clarifies that $300 is for the general release; $100 is for the non-disparagement; and $100 is for the no-rehire. Doc. 24 at 2.

light of this additional consideration, the undersigned **RECOMMENDS** that the general release does not affect the overall fairness and reasonableness of the settlement.

### 2. Non-disparagement and No-rehire

As with general release provisions, where separate consideration is paid to the plaintiff, courts will generally allow the inclusion of no-rehire and non-disparagement clauses in FLSA settlement agreements. *See Caamal v. Shelter Mortg. Co., L.L.C.*, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (finding the payment of consideration beyond what was due under the FLSA for a general release, non-disparagement agreement, and waiver of future employment did not render the settlement unfair or unreasonable); *Ramos v. Acute Patient Care, Inc.*, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017) (recommending approval of FLSA settlement providing separate consideration for non-disparagement provision) *report and recommendation adopted*, 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017).

Here, the Plaintiff is receiving $100 for the no-rehire provision and an additional $100 for the non-disparagement provision. Doc. 24 at 2. Also, the parties provide that the non-disparagement provision is mutual and Plaintiff will receive a neutral reference as consideration for the inclusion of those clauses. *Id.*; Doc. 20 at 6.

Based on the foregoing, the undersigned **RECOMMENDS** that the no-rehire and non-disparagement provisions do not affect the overall fairness and reasonableness of the settlement.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED**;

2. The Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on August 2, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy